IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 3:08-bk-01429-MH3-7 |
| GENESIS, INC., | ) | Chapter 7 |
|     Debtor. | ) | Judge Harrison |
| _____ | | |
| SUSAN R. LIMOR, Trustee, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | **Jointly Administered Main** |
| v. | ) | Adv. Pro. No. 3:10-ap-00087 |
| | ) | |
| BRANCH BANKING AND TRUST | ) | Adv. Pro. No. 3:10-ap-00085 |
| COMPANY, | ) | |
| | ) | |
|     Defendants. | ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: July 29, 2015**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: August 18, 2015, 9:00 a.m., Courtroom Three, Customs House, 2nd Floor, 701 Broadway, Nashville, Tennessee 37203.**

## NOTICE OF MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH DEFENDANT BRANCH BANKING AND TRUST COMPANY

Plaintiff Susan R. Limor (the "Trustee"), trustee in the chapter 7 bankruptcy case of Genesis, Inc. (Bankr. No. 3:08-bk-01429-MH3-7) and Plaintiff in the referenced adversary proceeding (the "Trustee") has asked the Court for entry of an order approving the Settlement described in the Motion and authorizing the Trustee to take all action contemplated by and necessary to effectuate the Settlement.

**YOUR RIGHTS MAY BE AFFECTED**. If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

    If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

586357-01
Case 3:08-bk-01429   Doc 269   Filed 07/08/15   Entered 07/08/15 15:42:26   Desc Main
Document      Page 1 of 11

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter the proposed order granting that relief.

Date:   July 8, 2015

                Respectfully submitted,

                HARWELL HOWARD HYNE
                GABBERT & MANNER, P.C.

                By: /s/  *Barbara D. Holmes*
                   Barbara D. Holmes
                   D. Alexander Fardon
                   333 Commerce Street, Suite 1500
                   Nashville, TN 37201
                   615/256-0500 - Telephone
                   615/251-1059 - Facsimile
                   bdh or daf@h3gm.com - Email

                Special Counsel for Trustee/Plaintiff

586357-01

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GENESIS, INC., | ) | Case No. 3:08-bk-01429-MH3-7 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Harrison |
| | ) | |
| _____ | | |
| | | |
| SUSAN R. LIMOR, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jointly Administered Main** |
| v. | ) | Adv. Pro. No. 3:10-ap-00087 |
| | ) | |
| BRANCH BANKING AND TRUST COMPANY, | ) | Adv. Pro. No. 3:10-ap-00085 |
| | ) | |
| Defendants. | ) | |

### MOTION TO APPROVE COMPROMISE AND SETTLEMENT
### WITH DEFENDANT BRANCH BANKING AND TRUST COMPANY

Plaintiff Susan R. Limor, trustee in the chapter 7 bankruptcy case of Genesis, Inc. (Bankr. No. 3:08-bk-01429-MH3-7) and Plaintiff in the referenced adversary proceedings (the "Trustee"), files this Motion to Approve Compromise and Settlement With Defendant Branch Banking and Trust Company ("BB&T")(the "Motion") pursuant to Fed. R. Bankr. P. 9019, and in support of the requested relief states as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

### II. BACKGROUND

2. On February 21, 2008 (the "Petition Date"), an involuntary chapter 7 petition was filed against Genesis, Inc. (the "Debtor") under section 303 of Title 11 of the U.S. Code (the

"Bankruptcy Code") in the U.S. Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") under Bankruptcy Case No. 3:08-01429-MH.  An order for relief under chapter 7 of the Bankruptcy Code was entered against Debtor on April 1, 2008.  Susan R. Limor was appointed as chapter 7 trustee on April 2, 2008, and continues to serve in that capacity.

3. On February 20, 2010, the Trustee filed a complaint in Adversary Proceeding No. 3:10-ap-00085 (the "Avoidance Complaint") seeking to recover from Defendant BB&T (hereinafter the "Defendant" or the "Settling Defendant") certain transfers totaling $27,740.09, which the Trustee contends were fraudulent transfers and/or preferences.[1]

4. By order of the Bankruptcy Court entered on December 23 2014, the Avoidance Complaint was consolidated for administrative purposes under Adversary Proceeding No. 3:10-ap-00087, and was later referred for alternative dispute resolution, namely a judicially conducted settlement conference.

5. Prior to the judicially conducted settlement conference, and subject to Bankruptcy Court approval, the Trustee and the Settling Defendant (together, the "Parties" and each, the "Party") have reached an agreement to resolve the Avoidance Complaint without further litigation, as described in more detail below (the "Settlement").

### III. GENERAL DESCRIPTION OF DISPUTE AND MATERIAL TERMS OF SETTLEMENT

6. The substance of the Trustee's claims is that the payments made by Debtor to BB&T were for an obligation owed by a related company, Instream, LLC, and guaranteed by Debtor's principal, William H. Owens, Jr., but for which Debtor was neither an obligor nor a guarantor.

---

[1] The Trustee also sued Instream LLC.  The Trustee settled separately with Instream and that settlement was previously approved by this Court.

586001-01

7. Settling Defendant disputes the Trustee's claims, and asserts various defenses, including, among other things, that Debtor received reasonably equivalent value for the transfers the Trustee seeks to avoid. If Defendant prevails, the amount potentially recoverable by the Trustee will be significantly reduced if not precluded altogether. Further, given the amount in dispute, the cost of litigation could easily exceed any potential recovery by the Trustee.

8. Given the uncertainty and cost of litigation, the defenses raised by Settling Defendant, and the amount in controversy, the Trustee determined that it is in the best interests of the creditors and the estate to settle the claims against Settling Defendant.

9. Without admission of liability, the validity of the Trustee's claims or the validity of Settling Defendant's asserted defenses, Settling Defendant and the Trustee have agreed to compromise and settle the claims against Settling Defendant for $12,000 (the "Settlement Amount"), subject to approval by this Court. This settlement was reached after negotiations between counsel for the Trustee and counsel for Settling Defendant.

10. The information provided in this Motion is solely for purposes of supporting approval of the Settlement, and is with full reservation of the Trustee's and Settling Defendant's rights, including under FRE 408, and without waiving any applicable privileges or protective doctrines.

11. Settling Defendant will pay the Settlement Amount to the Trustee by no later than the 15th day after the date of entry of an order approving this Motion in full satisfaction of the Trustee's claims against the Settling Defendant. Settling Defendant also waives any claims against Debtor's estate, including without limitation, any claim under 11 U.S.C. § 502(h).

## IV. AUTHORITY FOR SETTLEMENT

12. The Trustee requests the Court approve this Settlement pursuant to Fed. R. Bankr. P. 9019(a), including without limitation, authorize the Trustee to take all acts necessary to finalize and consummate the Settlement.

13. The Bankruptcy Court derives its authority to approve compromises and settlements from Fed. R. Bankr. P. 9019(a). *See U.S. v. Aweco, Inc. (In re Aweco, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984), *cert. denied*, 469 U.S. 880, 105 S. Ct. 244 (1984). The decision of whether to approve a particular compromise lies within the discretion of the trial judge. *Aweco*, 725 F.2d at 297 (citing *In re Jackson Brewing Co.*, 624 F.2d 599, 602-03 (5th Cir. 1980)); *see also In re Harris*, 313 F.2d 447, 449 (6th Cir. 1963); *In re Hibbard Brown & Co.*, 217 B.R. 41 (Bankr. S.D.N.Y. 1998); *In re Bell & Beckwith*, 77 B.R. 606, 611 (Bankr. N.D. Ohio 1987), *aff'd*, 97 B.R. 472 (N.D. Ohio 1987). However, the judge must exercise her discretion in an informed and reasoned manner:

> When invoked as a guide to judicial action [discretion] means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.

*Aweco*, 725 F.2d at 298 (quoting *Langnes v. Greene*, 282 U.S. 531, 541, 51 S. Ct. 243, 247, 75 L. Ed. 2d 520 (1931)). The central question is whether the compromise or settlement is fair, reasonable and adequately based on the facts and circumstances before the court. *Hibbard Brown*, 217 B.R. at 45 (citing *In re Drexel Burnham Lambert Group*, 960 F.2d 285, 292-293 (2nd Cir. 1992)).

14. The benchmark for determining the propriety of a bankruptcy settlement is always whether the settlement is in the best interests of the estate. *In re Energy Co-op, Inc.*, 886 F.2d 921, 926 (7th Cir. 1989) (citing *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir.

586001-01

4

1987); *In re A & C Properties*, 784 F.2d 1377, 1380, 1381 (9th Cir. 1986)); *In re Barton*, 45 B.R. 225 (Bankr. M.D. Tenn. 1984); *Bell & Beckwith*, 77 B.R. at 611. In deciding whether a settlement serves the estate's best interests, courts have fashioned guiding principles for this consideration including:

    a.    the probability of success in the litigation, with due consideration for uncertainty in fact and law;

    b.    the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay;

    c.    the difficulties that may be encountered in collecting any judgment that might result;

    d.    whether the settlement was the product of arm's length negotiations;

    e.    whether the settlement is collusive;

    f.    whether the proponents have experienced counsel and the litigation has been a "fair fight;"

    g.    whether there has been sufficient discovery of the underlying facts and claims to enable counsel and the parties to act intelligently;

    h.    the number of objecting parties and their relative interests;

    i.    the paramount interest of creditors with a proper preference for their reasonable views; and,

    j.    all other factors bearing on the wisdom of the compromise.

*See, e.g., Jackson Brewing Co.*, 624 F.2d at 602-03; *Energy Co-op*, 886 F.2d at 827; *In re Texaco, Inc.*, 84 B.R. 14 (Bankr. S.D.N.Y. 1998). The court need not conduct a mini-trial to determine the probable outcome of litigation, but need only apprise itself of the relevant facts and law so that it can make an informed and intelligent decision. *Official Committee of Unsecured Creditors v. Cajun Electric Power Cooperative, Inc. (In re Cajun Electric Power Cooperative, Inc.)*, 119 F.3d 349, 356 (5th Cir. 1997) (citing *LaSalle National Bank v. Holland*

*(In re American Reserve Corp.)*, 841 F.2d 159, 163 (7th Cir. 1987)); *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994).

15. Ultimately, it is well accepted that compromises are favored in bankruptcy in order to minimize the cost of litigation to the estate and expedite its administration. *See In re Point Properties, L.P.*, 249 B.R. 273, 282 (Bankr. E. D. Tenn. 2000).

16. Litigation of the Trustee's claims against Settling Defendant will involve complicated transactions regarding the relationship and obligations between Debtor, Settling Defendant and Instream, LLC and will be paper intensive, which will increase the preparation for trial and the resulting cost of litigation. The costs of litigation could exceed the amount ultimately recovered by the Trustee, particularly if Settling Defendant prevails on some or all of its defenses. The Settlement avoids the necessity of the cost and delay of litigation, including, potentially, appeals. The Settlement also ensures collectability of a sum certain.

17. The Trustee and Settling Defendant are each represented by experienced counsel. The Settlement is the product of arm's length negotiations.

18. Notice of this Motion and an opportunity for objections will be given to creditors and parties in interest pursuant to Fed. R. Bankr. P. 9019, LBR 9013-1, and any orders allowing for limited notice.

WHEREFORE, the Trustee respectfully requests that the Court approve the Settlement described herein, authorize the Trustee to take all action contemplated by and necessary to effectuate the Settlement, and grant such other relief as may be necessary and appropriate.

Respectfully submitted,

**HARWELL HOWARD HYNE GABBERT & MANNER, P.C.**

By: /s/ *Barbara D. Holmes*
     Barbara D. Holmes
     D. Alexander Fardon
     333 Commerce Street, Suite 1500
     Nashville, TN 37201
     615/256-0500 - Telephone
     615/251-1059 - Facsimile
     bdh or daf@h3gm.com - Email

Special Counsel for Trustee/Plaintiff

586001-01

7

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GENESIS, INC., | ) | Case No. 3:08-bk-01429-MH3-7 |
| | ) | Chapter 7 |
| Debtor. | ) | Judge Harrison |
| | ) | |
| _____ | ) | |
| | | |
| SUSAN R. LIMOR, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Jointly Administered Main |
| v. | ) | Adv. Pro. No. 3:10-ap-00087 |
| | ) | |
| BRANCH BANKING AND TRUST | ) | Adv. Pro. No. 3:10-ap-00085 |
| COMPANY, | ) | |
| Defendants. | ) | |

[*PROPOSED*]
## ORDER APPROVING SETTLEMENT
## WITH DEFENDANT BRANCH BANKING AND TRUST COMPANY

This case is before the Court upon the Motion to Approve Compromise and Settlement With Defendant Branch Banking and Trust Company (the "Motion") filed by Plaintiff Susan R. Limor, Chapter 7 Trustee (the "Trustee"), seeking approval of the Trustee's settlement with Defendant Branch Bank and Trust Company ("BB&T"). Notice having been given pursuant to LBR 9013-1 and no objections or responses having been timely filed, as certified by signature of counsel below,

IT IS HEREBY ORDERED that the compromise and settlement between the Trustee and BB&T, as the Settling Defendant, is approved on the terms and conditions described in the Motion, and the Trustee is authorized to take all action contemplated by and necessary to effectuate the compromise and settlement.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.

Submitted for entry by:

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

By: /s/ Barbara D. Holmes
     Barbara D. Holmes
     D. Alexander Fardon
     333 Commerce Street, Suite 1500
     Nashville, Tennessee 37201
     (615) 256-0500 - Telephone
     (615) 251-1059 - Facsimile
     bdh or daf@h3gm.com - E-mail

Special Counsel for Plaintiff Susan R. Limor, Trustee

586146-01